**MANDATE**

17-1465

Boonmalert v. City of New York, et. al

N.Y.S.D. Case #
16-cv-4171(KMW)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          REENA RAGGI,
          PETER W. HALL,
                    Circuit Judges.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 30, 2018

- - - - - - - - - - - - - - - - - -x
BOONSAKDI BOONMALERT,
        Plaintiff-Appellant,

        -v.-                                        17-1465

CITY OF NEW YORK, ANDREW SCHWARTZ,
        Defendants-Appellees,

MANDATE ISSUED ON 03/30/2018

DEPARTMENT OF SMALL BUSINESS SERVICES,

    <u>ADR Provider-Appellee</u>,

SOCIAL SERVICES UNION, LOCAL 371, JOHN DOE, JANE DOE,

    <u>Defendants</u>.

- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| FOR APPELLANT: | Special Hagan, Law Offices of Special Hagan, Saint Albans, NY. |
| FOR APPELLEE: | John Moore (Richard Dearing, <u>on the brief</u>), Assistant Corporation Counsel, <u>for</u> Zachary W. Carter, Corporation Counsel for the City of New York, New York, NY. |

    Appeal from an order of the United States District Court for the Southern District of New York (Wood, <u>J</u>.).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**.

    Plaintiff-appellant Boonsakdi Boonmalert appeals from an April 12, 2017 order of the district court dismissing his discrimination claims pursuant to a motion under Fed. R. Civ P. 12(b)(6), and denying his cross motion seeking leave to file a second amended complaint. On appeal, Boonmalert argues that the district court erred because: (1) it applied the summary judgment standard under Fed. R. Civ. P. 56, instead of the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6); (2) he pled sufficient facts to support his claims (disparate treatment, retaliation, hostile work environment, <u>Monell</u>, and aiding and abetting); and (3) amending his complaint for a second time would not have been futile. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Certain claims are either time barred, or barred for failure to exhaust. "A plaintiff seeking to recover under the ADEA must file a discrimination charge with a state agency within 300 days of the occurrence of the allegedly unlawful employment practice." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007). Claims brought under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") "are time-barred unless filed within three years of the alleged discriminatory acts." Id. at 238.

Boonmalert alleges, without proof of any filing, that he filed his first EEOC complaint on May 20, 2015. Accordingly any claims accruing prior to July 24, 2014 (300 days before May 20, 2015) are time barred under the ADEA. This includes his September 2012 transfer to a new work unit. Boonmalert argues that any claims predating July 24, 2014 (including his transfer) were part of continuing or ongoing violations, and therefore are not time barred. However, "[a]s we have stated previously, a completed act such as a discontinuance of a particular job assignment is not of a continuing nature." Id. at 239. Similarly, a one-time transfer to a new unit is a discrete act, and "[a] discrete retaliatory or discriminatory act occurred on the day that it happened." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002) (internal quotation marks omitted).

Additionally, Boonmalert failed to exhaust certain claims. We have jurisdiction to hear only such claims as "have been included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is reasonably related to that alleged in the EEOC charge." Alfano v. Costello, 294 F.3d 365, 381 (2d Cir. 2002) (internal citation and quotation marks omitted). Since the June 10, 2015 EEOC complaint only discussed Boonmalert's settlement offer, only alleged adverse actions that are reasonably related to the settlement offer, and that are not time barred, may form the basis of his complaint for our review.

**2.** As to the disparate treatment claims under the ADEA, 42 U.S.C. § 1983, NYSHRL, and NYCHRL, Boonmalert argues that he pled sufficient facts to defeat the defendants' motion to dismiss. We disagree.

3

"We review the grant of a motion to dismiss de novo, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." Fink v. Time Warner Cable, 714 F.3d 739, 740–41 (2d Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal citation and quotation marks omitted).

Under the ADEA, it is unlawful for an employer to "discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623 (a)(1). "A prima facie case of age discrimination requires that plaintiffs demonstrate membership in a protected class, qualification for their position, an adverse employment action, and circumstances that support an inference of age discrimination." Kassner, 496 F.3d at 238. But at the motion to dismiss stage, an ADEA plaintiff need not plead every element of a prima facie case, only facts which plausibly suggest that (1) the employer took an adverse action and (2) age was the "but for" cause of that adverse action. Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86-87 (2d Cir. 2015) (citing Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009)). We have assumed without deciding that "but for" causation is also required under the NYSHRL. See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 105 n.6 (2d Cir. 2010). The issue has not been definitively resolved in the New York courts. See, e.g., DeKenipp v. State, 949 N.Y.S.2d 279, 282 (App. Div. 2012). "[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing the NYCHRL's provisions broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013) (internal citations and quotation marks omitted).

4

Boonmalert failed to plead facts sufficient to allege that he suffered disparate treatment because of his age under the ADEA. "A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment. To be materially adverse a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities." Kassner, 496 F.3d at 238 (internal citations and quotation marks omitted). Preparing retirement paperwork for Boonmalert during a lengthy absence for medical reasons is not a material change in the terms and conditions of employment. Nor are discussions about retirement, which are a normal part of workplace dialogue between a supervisor and subordinate. See Criley v. Delta Air Lines, Inc., 119 F.3d 102, 105 (2d Cir. 1997) (per curiam) ("[A]n employer's concern about the economic consequences of employment decisions does not constitute age discrimination under the ADEA, even though there may be a correlation with age"). Similarly, the settlement offer is not an adverse employment action; and even if it were, the City made the same offer to Ying, Boonmalert's comparator.

Because NYSHRL claims are treated the same as ADEA claims, the disparate treatment claim under this statute fails as well. This is true even if the 2012 job transfer is deemed an adverse action under the NYSHRL; Ying, who was transferred with Boonmalert, is much younger.

Disparate treatment claims under the NYCHRL are analyzed separately, but even so, there is no such plausible claim. The NYCHRL differs from the ADEA because "the NYCHRL does not require either materially adverse employment actions or severe and pervasive conduct," but instead focuses "on unequal treatment . . . regardless of whether the conduct is tangible[.]" Mihalik, 715 F.3d at 114 (internal citation and quotation marks omitted). None of the actions that form the basis of Boonmalert's complaint evidence differential treatment based on age.

The district court assumed that Boonmalert's disparate treatment claim under § 1983 was for a violation of his constitutional rights under the Equal Protection Clause, an assumption that Boonmalert did not contest. See Littlejohn v. City of New York, 795 F.3d 297, 320 (2d Cir. 2015) ("Section 1983, through its

5

application of the Equal Protection Clause of the Fourteenth Amendment, protects public employees from various forms of discrimination, including hostile work environment and disparate treatment[.]" (internal citation and quotation marks omitted)). But Boonmalert abandoned his Equal Protection claim on appeal, and in so doing, abandoned his § 1983 claims as well. Any other claims brought under § 1983 are therefore likewise abandoned.

  3. Boonmalert's next claim is that he suffered retaliation in violation of the ADEA, 42 U.S.C. § 1983, NYSHRL, and NYCHRL. Under New York state and federal law, "[i]n order to establish a prima facie case of retaliation, an employee must show [1] participation in a protected activity known to the defendant; [2] an employment action disadvantaging the plaintiff; and [3] a causal connection between the protected activity and the adverse employment action." Feingold v. New York, 366 F.3d 138, 156 (2d Cir. 2004) (internal citation and quotation marks omitted). The materiality showing required by this standard appears not to be part of a NYCHRL claim. See Williams v. New York City Hous. Auth., 872 N.Y.S.2d 27, 34 n.12 (2009); see also Fincher v. Depository Tr. & Clearing Corp., 604 F.3d 712, 723 (2d Cir. 2010) (recognizing that the "Appellate Division, First Department, has said that the CHRL 'rejects a materiality requirement,' while under Burlington, federal retaliation claims must involve an action by the employer that is 'materially adverse.'" (quoting Williams, 872 N.Y.S.2d at 34 n.12; Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006))). The adverse action cited by Boonmalert is that Ying received a lump sum payment from the settlement; but the settlement offers were substantially the same, and Boonmalert rejected it.

  4. Boonmalert's third claim is that he endured a hostile work environment in violation of the ADEA, 42 U.S.C. § 1983, NYSHRL, and NYCHRL. To state a claim for a hostile work environment, a plaintiff must allege that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal citations and quotation marks omitted). "This standard has both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable person

would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." Littlejohn, 795 F.3d at 321 (internal citation and quotation marks omitted). To determine whether an incident or series of incidents is "sufficiently severe or pervasive to alter the conditions" of a plaintiff's work environment, we "must consider the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 320-321 (internal citations and quotation marks omitted). Boonmalert makes no allegation of conduct so severe or pervasive that a reasonable person would find it hostile or abusive; and none of the actions he complains of were more than episodic. Discussions of retirement and a one-time preparation of retirement paperwork do not suffice. While under the NYCHRL, the alleged hostile conduct need not be severe or pervasive, see Mihalik, 715 F.3d at 113, Boonmalert must still allege that his age was the motivating factor behind any workplace hostility, and he does not sufficiently do so to survive a motion to dismiss.

5. Under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief" if an unconstitutional act "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690. Boonmalert's Monell claim fails for two reasons. First, since he abandoned his equal protection claim on appeal, there is no underlying constitutional violation alleged. Second, Boonmalert does not allege that he suffered any deprivation of rights due to a municipal policy, regulation, or custom. He cites Schwartz's personnel decisions; but under the New York City Charter, the final authority for personnel decisions rests with the Mayor, the City Council, and the City's Personnel Director. So Schwartz's policy decisions cannot form the basis of a Monell claim. See Littlejohn, 795 F.3d at 315 (personnel decision of superior who was not a final decision maker was not a Monell violation).

6. Boonmalert's last claim is one for aiding and abetting under the NYSHRL and NYCHRL. Since there is no underlying NYSHRL or NYCHRL violation, there was no aiding or abetting of acts forbidden by the NYSHRL and

7

NYCHRL. See Feingold, 366 F.3d at 158. Moreover, Boonmalert alleges that Schwartz alone aided and abetted; but an individual cannot aid and abet their own discriminatory conduct. See Strauss v. N.Y. State Dep't of Educ., 805 N.Y.S.2d 704, 709 (3d Dep't 2005) ("[W]e hold that individuals cannot be held liable under Executive Law § 296(6) for aiding and abetting their own violations of the Human Rights Law.").

7. Finally, Boonmalert argues that he should have been granted leave to file a second amended complaint. "We review the denial of leave to amend a complaint for abuse of discretion, unless the denial was based on an interpretation of law, in which case the legal conclusion is reviewed de novo." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (internal citation omitted). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012). "In assessing whether the proposed complaint states a claim, we consider the proposed amendment[s] . . . along with the remainder of the complaint, accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." Id. (internal citations and quotation marks omitted, alteration in original).

As the district court determined, any further amendment would be futile. Boonmalert already amended his complaint once after the City's first motion to dismiss, and he alleges no new facts that would cure the pleading deficiencies.

Accordingly, the sentence of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

8